Michele R. Stafford, Esq. (SBN 172509)
Shivani Nanda, Esq. (SBN 253891)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
snanda@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL E. BURNS, et al., | Case No.: C14-2959 CW |
| Plaintiffs, | **JUDGMENT PURSUANT TO STIPULATION; and ORDER** |
| v. | |
| SWEEP SYSTEMS, INC., et al, | |
| Defendants. | |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs Russell E. Burns, et al. ("Plaintiffs" or "Trust Funds") and against Defendant Sweep Systems, Inc., a California Corporation ("Defendant")[1], and/or alter egos and/or successor entities, as follows:

1.      Defendant is signatory to and bound by the terms of the Independent Northern California Construction Agreement, which incorporates the Master Agreement between the Union and the Associated General Contractors of California ("Bargaining Agreement"). The Bargaining Agreement is still in full force and effect.

---

[1] Defendant James Robert Bermea filed a Chapter 13 Bankruptcy Petition in the U.S. Bankruptcy Court, Northern District of California (San Jose), as case number 14-53858, on September 19, 2014.  Plaintiffs' action is therefore stayed from proceeding against Defendant James Robert Bermea only. A Notice of Automatic Stay as to James Robert Bermea was filed by Plaintiffs on October 17, 2014.

2.     James Robert Bermea ("Guarantor"), in his capacity as RMO/CEO/President of Defendant Sweep Systems, Inc., confirms that he is authorized to enter into this Stipulation on behalf of Defendant and confirms that he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation. Guarantor further confirms that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendant joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Guarantor is an officer, owner or possesses any ownership interest. Defendant/Guarantor and all such entities shall specifically consent to the Court's jurisdiction, in writing, at the time of any assignment, affiliation or purchase, as well as to all other terms herein.

3.     Defendant has become indebted to the Trust Funds as follows:

| Work Month | Unpaid Contributions | 20% Liquid. Damages | 10% Interest (thru 12/8/14) | Subtotal |
|---|---|---|---|---|
| August 2014 | $953.93 | $190.79 | $18.98 | $1,163.70 |
| September 2014 | $2,219.10 | $443.82 | $26.23 | $2,689.15 |
| October 2014 | $682.80 | $136.56 | $2.40 | $821.76 |
| **Subtotal:** | **$3,855.83** | **$771.17** | **$47.61** | |
| Unpaid Contributions, Interest, and Liquidated Damages For 8/14-10/14 (breakdown above) | | | | $4,674.61 |
| Attorneys' Fees (through 12/7/14) | | | | $3,411.50 |
| Costs (through 12/7/14) | | | | $733.40 |
| **TOTAL DUE:** | | | | **$8,819.51** |

4.     Defendant/Guarantor shall *conditionally* pay the amount of **$8,048.34,** representing all of the above amounts, less liquidated damages in the amount of **$771.17**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a)     Beginning on **December 25, 2014**, and on or before the 25th day of each month thereafter for a period of twelve (12) months, through and including November 25, 2015, Defendant/Guarantor shall pay to Plaintiffs the amount of $**708.00** per month;

(b)     Payments may be made by joint check, to be endorsed by Defendant prior

C:\Users\rileyn\AppData\Local\Temp\notes95EC0B\Stipulation 121014.docx

to submission. Payments made by joint check may be applied toward Defendant's monthly stipulated payment provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint check payments in which a release is requested may not be applied toward Defendant's monthly stipulated payment, but shall be deducted from the total balanced owed under this Stipulation provided the payment is for contributions included in this Stipulation;

(c)     Defendant/Guarantor shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(d)     Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from December 9, 2014, at the rate of 10% per annum in accordance with the Bargaining Agreements and Plaintiffs' Trust Agreements;

(e)     Checks shall be made payable to the *Operating Engineers Trust Funds*, and delivered on or before each due date to <u>Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs;

(f)     At the time that Defendant/Guarantor makes its twelfth (12th) stipulated payment, Defendant/Guarantor may submit a written request for waiver of their liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with their twelfth (12th) payment. Such waiver will not be considered until and unless all other amounts are paid in full and Defendant's account is otherwise current;

(g)     Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant/Guarantor in writing, by regular mail and email to <u>sweepsystems@yahoo.com</u>, as to the final amount due, including additional interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed to Plaintiffs under this Stipulation. Defendant/Guarantor shall pay all additional interest, attorneys' fees and costs regardless of whether or not Defendant defaults herein. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the final stipulated payment due on

**JUDGMENT PURSUANT TO STIPULATION; and [~~PROPOSED~~] ORDER**
**Case No.: C14-2959 CW**

1    November 25, 2015; and

2        (h)    Failure to comply with any of the above terms shall constitute a default of

3    the obligations under this Stipulation and the provisions of ¶ 11 shall apply.

4        5.    In the event that any check is not timely submitted or fails to clear the bank, or is

5    unable to be negotiated for any reason for which Defendant/Guarantor is responsible, Defendant

6    shall be considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a

7    written demand to Defendant/Guarantor, by regular mail and email to <u>sweepsystems@yahoo.com</u>,

8    to cure said default ***within seven (7) days of the date of the notice from Plaintiffs***. If caused by a

9    failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered

10   to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If

11   Defendant/Guarantor elect to cure said default, and Plaintiffs elect to accept future payments, *all*

12   *such future payments shall be made by cashier's check* at Plaintiffs' request. In the event default is

13   not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

14       6.    Beginning with contributions due for hours worked by Defendant's employees

15   during the month of November 2014, and for every month thereafter until this Judgment is

16   satisfied, **Defendant shall remain current in reporting and payment of contributions** due to

17   Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective

18   Bargaining Agreements, if any, and the Declarations of Trust as amended. The Collective

19   Bargaining Agreement and Trust Agreements provide that all benefit contributions are due on or

20   before the fifteenth (15th) day of the month following the month in which hours were worked and

21   are delinquent if not received by the twenty-fifth (25th) day of that month.

22       Until this judgment is satisfied, Defendant shall **<u>submit originals of all monthly</u>**

23   **<u>contribution reports and payments to Saltzman and Johnson Law Corporation.</u>** The

24   contribution reports and payments shall be delivered to <u>Michele R. Stafford, Esq. at Saltzman &</u>

25   <u>Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or

26   to such other address as may be specified by Plaintiffs, <u>by the twentieth (25th) day of each month</u>.

27   Defendant shall send <u>copies</u> of its contribution reports and payments to the Trust Funds. Failure to

28

1   comply with these terms shall constitute a default of the obligations under this Stipulation and the

2   provisions of ¶ 11 shall apply.

3          7.          Beginning with the month of December 2014, and for every month thereafter,

4   **Defendant shall fully disclose all jobs on which it is working by providing Plaintiffs with**

5   **fully completed job reports** on the form attached hereto as Exhibit A. Upon request by Plaintiffs,

6   Defendant shall also provide Plaintiffs with copies of Certified Payroll Reports for any and all

7   Public Works jobs, or any other job for which Certified Payroll Reports are required. Defendant's

8   updated monthly job reports and Certified Payroll Reports (if requested) shall be delivered to

9   Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite

10  2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs,

11  or by E-mail to mstafford@sjlawcorp.com and arutkowski@sjlawcorp.com, by the 25th  day of

12  each month.

13         This requirement remains in full force and effect regardless of whether or not Defendant

14  has ongoing work, whether Defendant's account with the Trust Funds is active, or whether

15  Defendant is signatory to a Collective Bargaining Agreement with the Union. If, for any reason,

16  Defendant has no work to report during a given month, Defendant shall submit the job report form

17  (Exhibit A) indicating that there are no current jobs. **Defendant's first job report (regarding**

18  **December 2014 jobs) is due on or before December 25, 2014.**

19         Failure by Defendant to timely submit fully completed monthly job reports and Certified

20  Payroll Reports (if applicable) as described above shall constitute a default of the obligations

21  under this Stipulation and the terms of ¶ 11 shall apply.

22         8.          **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in

23  order to confirm proper reporting and payment of contributions pursuant to the Bargaining

24  Agreements, any failure by Defendant to comply with said request shall constitute a default of the

25  obligations under this Agreement, which Defendant shall have ten (10) days to cure from receipt

26  of written notice from Plaintiffs.

27                  (a)          In the event that amounts are found due on audit, Plaintiffs shall send a

28

-5-
**JUDGMENT PURSUANT TO STIPULATION; and [PROPOSED] ORDER**
**Case No.: C14-2959 CW**

1  written demand to Defendant by regular mail and email to sweepsystems@yahoo.com, for

2  payment in full of the amounts found due in the audit, including a full copy of the audit report and

3  any findings, including contributions, liquidated damages, interest and audit fees owed.

4          (b)     Defendant will be provided with ten (10) days in which to review the audit,

5  and provide evidence to contest the findings. In the event that Defendant does not agree with the

6  total found due, Plaintiffs shall provide any additional information or clarification requested by

7  Defendant in writing within ten (10) days of the request therefor, or as soon as reasonably

8  possible, and Defendant's time to respond to the audit report or comply with payment

9  requirements shall then run from the time that Defendant receives Plaintiffs' response. Once the

10 ten (10) day review period expires, in the event that the audit is not contested, payment in full

11 shall be delivered to Michele R. Stafford at the address provided above.

12         (c)     If the audit is contested, and Defendant provides documentation in support

13 of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If

14 revisions are not made, payment will be immediately due.

15         (d)     If revisions are made to said audit as a result of the dispute, payment in full

16 of the revised amount shall be due within ten (10) days of Defendant's receipt of the revised

17 billing.

18         (e)     If Defendant is unable to make payment in full, Defendant may submit a

19 written request to revise this Stipulation, modifying the payment plan (by monthly amount and/or

20 payment term), to add the amounts found due in the audit to this Stipulation, subject to the terms

21 herein. If the Stipulation is so revised, Defendant shall execute the Amended Judgment or

22 Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended

23 Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a

24 default of the terms herein.

25         (f)     Failure by Defendant to submit either payment in full or a request to add the

26 amounts due to this Judgment within ten (10) days of the date due per the terms written above

27

28

1  shall constitute a default of the obligations under this agreement. All amounts found due on audit

2  shall immediately become part of this Judgment.

3         9.    Failure to comply with <u>any</u> of the above terms shall constitute a default of the

4  obligations under this Stipulation and the provisions of ¶ 11 shall apply.

5         10.    Any unpaid or late-paid contributions, together with 20% liquidated damages and

6  10% per annum interest accrued on the contributions shall be added to and become a part of this

7  Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the

8  applicable Bargaining Agreements and Declarations of Trust of the Trust Funds for collection of

9  current and future contributions, and for any additional past contributions and related amounts not

10  included herein as may be determined by Plaintiffs to be due, pursuant to employee timecards or

11  paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.

12  Defendant/Guarantor specifically waive the defense of the doctrine *res judicata* as to any such

13  additional amounts determined as due**.**

14         11.    In the event that Defendant/Guarantor fail to make any payment required herein, or

15  otherwise default on any of their obligations as detailed in this Stipulation, and such default is not

16  timely cured, the following will occur:

17         (a)    The entire balance of **$8,819.51**, plus interest, but reduced by principal

18  payments received from Defendant/Guarantor, in addition to any unpaid contributions then due

19  plus 20% liquidated damages and 10% per annum interest on the unpaid or late-paid contributions,

20  shall be immediately due and payable, together with any attorneys' fees and costs incurred during

21  the term of this Stipulation;

22         (b)    A Writ of Execution may be obtained against Defendant/Guarantor without

23  further notice to Defendant/Guarantor, in the amount of the unpaid balance plus any additional

24  amounts due under the terms herein. Such Writ of Execution may be obtained solely upon

25  declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore

26  made by or on behalf of Defendant and the balance due and owing as of the date of default;

27         (c)    Defendant/Guarantor waive any notice of Entry of Judgment or of any

28

1   Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution

2   and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the

3   balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ

4   of Execution, without notice to Defendant/Guarantor; and

5                    (d)    Defendant/Guarantor shall pay all additional attorneys' fees and costs

6   incurred by Plaintiffs in connection with the collection and allocation of the amounts owed by

7   Defendant/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

8           12.    Any failure on the part of Plaintiffs to take any action against Defendant/Guarantor

9   as provided herein in the event of any breach of the provisions of this Stipulation shall not be

10  deemed a waiver of any subsequent breach by Defendant/Guarantor of any provisions herein.

11          13.    The parties agree that any payments made pursuant to the terms of this Judgment

12  shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C.

13  Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11

14  U.S.C. Section 547 or otherwise.

15          14.    Should any provision of this Stipulation be declared or determined by any court of

16  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

17  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

18  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

19  Stipulation.

20          15.    This Stipulation is limited to the agreement between the parties with respect to the

21  unpaid and delinquent contributions and related sums enumerated herein, owed by Defendant to

22  Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any.

23  Defendant acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability

24  claims, if any, against Defendant and all of its control group members, as provided by Plaintiffs'

25  Plan Documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable

26  laws and regulations.

27

28

16.     This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18.     Defendant/Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    19.    The parties agree that the Court shall retain jurisdiction of this matter until this
2 Judgment is satisfied.

3

4 Dated: December 23, 2014                    **SWEEP SYSTEMS, INC.**

5                                    By: _____/S/_____
6                                         James Robert Bermea
                                          RMO/CEO/President of Defendant
7 Dated: December 23, 2014                    **JAMES ROBERT BERMEA**

8
                                     By: _____/S/_____
9                                         James Robert Bermea, individually, as
                                          Guarantor
10

11 Dated: December 16, 2014                   **OPERATING ENGINEERS LOCAL
                                             NO. 3 TRUST FUNDS**
12
                                     By: _____/S/_____
13                                        David E. Hayner
                                          Collections Manager for Plaintiffs
14

15 Dated: December 23, 2014                   **SALTZMAN AND JOHNSON LAW
                                             CORPORATION**
16
                                     By: _____/S/_____
17                                        Shivani Nanda
                                          Attorneys for Plaintiffs
18

19
20 IT IS SO ORDERED.

21 IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall
retain jurisdiction over this matter.
22

23 Dated: December 29, 2014        _____
24                                 UNITED STATES DISTRICT COURT JUDGE
25

26

27

28

1

**ATTESTATION CERTIFICATE**

2

      In accord with the Northern District of California's General Order No. 45, Section X(B), I

3

attest that concurrence in the filing of this document has been obtained from each of the other

4

signatories who are listed on the signature page.

5

Dated:  December 23, 2014

6

                                        SALTZMAN & JOHNSON LAW CORPORATION

7

                           By:     /S/
_____

8

                                          SHIVANI NANDA
Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C:\Users\rileyn\AppData\Local\Temp\notes95EC0B\Stipulation 121014.docx

| EXHIBIT A |
|:---:|
| **_JOB REPORT FORM_** |

**Updated Job Reports shall be delivered to Saltzman & Johnson Law Corporation
by the 25th day of each month**

at 44 Montgomery Street, Suite 2110, San Francisco, California 94104

**Employer Name: <u>SWEEP SYSTEMS, INC.</u>**

**Report for the month of _____, 20__ Submitted by: _____**

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

**_*** Attach additional sheets as necessary ***_**

-1-
**Exhibit A to JUDGMENT PURSUANT TO STIPULATION
Case No.: C14-2959 CW**